**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tuco Devenport and Crystal Diana Kay Devenport,<br><br>Plaintiffs,<br><br>vs.<br><br>Milbank Insurance Company, a foreign corporation; State Automobile Mutual Insurance Company, a foreign corporation; State Auto Property & Casualty Insurance Company, a foreign corporation; John and Jane Does 10V; Black and White Corporations I-V,<br><br>Defendants. | No. CV11-1450-PHX-DGC<br><br>**ORDER** |

Plaintiffs filed a Complaint in Maricopa County Superior Court against Defendants Milbank Insurance Company ("Milbank"), State Automobile Mutual Insurance Company ("State Mutual"), and State Auto Property & Casualty Insurance Company ("State Auto"), all foreign corporations, alleging that they had not been properly compensated for a robbery that occurred at their Glendale home. Doc. 1.1 at 2-3. Defendants removed the case to District Court. State Mutual and State Auto then filed a motion to dismiss Plaintiffs' complaint as against them, asserting that they were improper parties to Plaintiffs' breach of contract and bad faith claims. Doc. 5. Plaintiff does not oppose this motion. Doc. 14. Plaintiff, however, filed a motion to remand to Maricopa County Superior Court for lack of subject matter jurisdiction and for late filing

for removal. Doc. 13. Plaintiff maintains that dismissal should take place in Superior Court. Doc. 13 at 2. For the reasons set forth below, the Court will grant Plaintiffs' motion to remand. The Court therefore makes no ruling on Defendants' motion to dismiss.

Plaintiffs also requests Attorneys' fees and costs related to filing their motion to remand. The Court will deny this request.

**I.     Removal and Remand Standards.**

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**II.    Motion to Remand.**

This Court has subject matter jurisdiction over cases in which the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff argues that the amount in controversy is not met in this case. Doc. 13 at 2. Plaintiffs' prayer for relief includes actual and punitive damages, attorneys' fees, and allowable interest, but it is silent as to an actual dollar amount. *See* Doc. 1.1 at 5. Defendants therefore "bear[] the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To meet this burden, Defendants "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Id.*; *see Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount of damages

the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (emphasis in original); *McNutt v. GM Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) ("[T]he court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.").

Defendants allege that the amount in controversy is more likely than not to exceed $75,000 based upon two specific findings of fact: (1) Plaintiffs' February 22nd "Certificate Regarding Compulsory Arbitration" claiming that the amount of damages in this case exceeds $50,000, and (2) an affidavit from Defense attorney Michael Hensley estimating the likely amount of attorneys' fees to be between $50,000 and $75,000.  Doc. 16.1 & 16.4 at 2.   This estimate "includes the possibility of multiple depositions, expert fees, and motion practice." Doc. 16 at 6.  Defendants conclude that "assuming Plaintiffs' claims are true, the attorneys' fees, along with Plaintiffs' actual and punitive damages more likely than not will exceed the $75,000 amount in controversy limit." *Id.*

Although Plaintiffs' Certificate Regarding Compulsory Arbitration establishes that prior to removal Plaintiffs sought an award in excess of $50,000, whether the actual amount of damages sought along with the addition of punitive damages and attorneys' fees would push the amount in controversy above the $75,000 jurisdictional threshold is speculative.  Litigation often is expensive and frequently proceeds beyond the early stages; however, the Court will not assume that to be inevitable.  Moreover, on August 1, 2011, Plaintiff served an offer of judgment to Defendant Milbank for the sum of $45,000 "inclusive of all damages, taxable court costs, interest and attorneys' fees incurred to date." Doc 13.B.  Defendants note that Plaintiffs filed this offer subsequent to removal for an amount less than Plaintiffs' earlier certification, but Plaintiffs' offer is nonetheless relevant to the current determination because the Court is bound to remand "[i]f *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c) (emphasis added).

Under these facts, Defendants' speculation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendants'] burden of setting forth . . . the *underlying facts* supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567 (emphasis in original). Accordingly, the Court will remand to state court. *See* 28 U.S.C. § 1447(c); *Valdez*, 372 F.3d at 1118 ("If the district court determines that it is sufficiently doubtful that the amount-in-controversy requirement has been met and thus that federal subject matter jurisdiction is lacking, the district court should . . . remand to state court."); *Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court."); *Sanchez*, 102 F.3d at 406 (directing the district court to remand to state court where the defendant had failed to establish the jurisdictional amount by a preponderance of the evidence).

## III.    Attorneys' Fees.

Plaintiffs have requested an award of attorneys' fees related to their costs for filing the motion to remand. Doc. 13 at 4. Plaintiffs fail to provide a specific statutory basis for this request but argue that Defendants lacked an objectively reasonable basis to remove the case. *Id.* Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has stated that "[a]bsent unusual circumstances, courts may award Attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Here, the Court would have had original jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332 if the amount in controversy exceeded $75,000. While the Court finds that Defendants have not established by a preponderance of the evidence that the amount in controversy meets this threshold, the Court nonetheless finds that at the time of removal Defendants had an

objectively reasonable basis for such a claim. Therefore, Plaintiffs' request for attorneys' fees is denied.

**IV.  Motion to Dismiss.**

Pursuant to the Court's order to remand this case to state court, the Court lacks jurisdiction to rule on Defendants' motion to dismiss.

**IT IS ORDERED:**

1. Plaintiffs' motion to remand (Doc. 13) is **granted**.
2. Plaintiffs' request for attorneys' fees (Doc. 13) is **denied**.
3. Defendants' motion to dismiss (Doc. 5) is **remanded** to Maricopa County Superior Court.

Dated this 8th day of September, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge